IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| LINDA BARAN f/k/a/ LINDA DUERRE,  Plaintiff, vs. UNITED STATES OF AMERICA,  Defendant. | No. 1:11-cv-00498-PJK-WDS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of the United States's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed September 2, 2011 (Doc. 8). The court, being advised fully in the premises, finds that the motion is well taken and should be granted without leave to amend.

Background

Under both Rule 12(b)(1) and 12(b)(6), a court takes all well-pleaded allegations as true. Smith v. United States, 561 F.3d 1090, 1097-1098 (10th Cir. 2009). Linda Baran worked (or works) for the Transportation Security Administration ("TSA") at Albuquerque International Sunport. Complaint, Doc. 1 at 1, ¶ 2. She suffers from glaucoma, a disability requiring accommodation under the Americans with Disabilities

Act ("ADA"), and she received treatment for the condition before joining TSA. Id. at 2, ¶ 6-7. While working for the TSA, she underwent a medical procedure on her eye, id. at 2, ¶ 9; afterwards, her ophthalmologist told her to avoid work in areas with dust or dirt or in positions that required her to lift more than fifteen pounds. id. at 3, ¶ 10. Nonetheless, Ms. Baran was assigned work in a baggage room "filled with dirt and dust" and where she was required to lift more than fifteen pounds. Id. at 3, ¶ 12. She requested a different work location from the TSA, but the agency "failed, neglected, or refused" to reassign her. Id. at 3, ¶ 13. On December 20, 2008, she sustained an eye injury that led to temporary blindness and permanent damage, apparently the result of "contamination by dirt and dust" or of lifting more than fifteen pounds. Id. at 3, ¶ 15. She also suffered emotional damage from fear that she would become blind in one eye or at least blind "sooner than would have occurred had she not been injured by her inappropriate work placement." Id. at 4, ¶ 16. The claimed jurisdictional basis is the Americans with Disabilities Act ("ADA"). Id. at 1, ¶ 1.

## Discussion

Rule 12(b)(1) permits a party to assert, as a defense, that the court lacks subject-matter jurisdiction. Rule 12(b)(6) permits dismissal on grounds that a party has failed to state a claim that would entitle it to relief. The court, as noted, will take all well-pleaded allegations as true and view them in the light most favorable to the non-moving party. To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief

that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A court must convert a Rule 12(b)(1) motion to either a Rule 12(b)(6) or Rule 56 motion when disputed jurisdictional facts exist and a plaintiff's claim is founded upon a statute that addresses both the merits and jurisdiction.  Fowler v. United States, 647 F.3d 1232, 1236 (10th Cir. 2011).  Here the operative jurisdictional facts are undisputed.

The government makes four arguments for dismissal, considered in turn.  The government first claims that the ADA, 42 U.S.C. §§ 12101-12117, which prohibits employer discrimination against on the basis of disability, excludes the federal government from its definition of "employer."  Doc. 8, 4-5.  This may be too broad a statement.  It is true that the ADA *of 1990* excludes the federal government from its definition of "employer."  42 U.S.C. § 12111(5)(B)(I); Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003).  But the Congressional Accountability Act of 1995 extended the ADA's coverage to Congress and certain legislative-branch offices (such as the Capitol Police and Congressional Budget Office).  See 2 U.S.C. § 1302(a)(3); § 1331(a).  The Presidential and Executive Office Accountability Act, in turn, extended coverage of the ADA to the executive branch and employees of "units" of that branch.  3 U.S.C. §§ 402(3); § 411(c).  Nonetheless, nothing in the federal code extends the ADA to the TSA, which was originally part of the Department of Transportation and is now under the Department of Homeland Security.  6 U.S.C. § 203(2); 49 U.S.C. §§ 102(a), 114(a).  Ms. Baran suggests no law or case authority that would so extend it.  Therefore, this court has no subject-matter jurisdiction under the ADA.

The government next urges the court to hold that Rehabilitation Act ("RA") claims are preempted by the Aviation and Transportation Security Act ("ATSA"), Pub. L. No. 107-71, 115 Stat. 597 (2001). Doc. 8 at 5-10. The ATSA, passed after 9/11, created the TSA and bestowed it with considerable powers of self-management. Ms. Baran does not make a RA claim, but this court considers it because she argues that TSA screeners are subject to anti-discrimination law and seeks leave to amend.[1] Doc. 11 at 5-6; Fed. R. Civ. P. 15(a)(2). The complaint never actually discloses Plaintiff's job title at the TSA; but her response opposing the motion to dismiss appears to acknowledge that she was a Transportation Security Officer ("TSO"), or "screener." Doc. 11 at 3, 5.

Congress enacted the ATSA to affect "fundamental change in the way" this country "approaches the task of ensuring the safety and security of the civil air transportation system." H.R. Conf. Rep. No. 107–296 at 49. The Act, in 49 U.S.C. § 44935(e)(2)—which covers "Hiring" of "Security Screeners"—directs the Under Secretary of Transportation for Security to "establish qualification standards for individuals to be hired by the United States as security screening personnel. *Notwithstanding any provision of law*, those standards shall require . . . ." 49 U.S.C. § 44935(e)(2)(A) (emphasis added). The Act goes on to mention compliance with any "qualifications as the Under Secretary may establish," see (e)(2)(A)(iv), as well as

---

[1] Rather than filing a motion for leave to amend, Ms. Baran tacked her request onto her response to the motion to dismiss. The Tenth Circuit has held that such a request is inadequate. See Garman v. Campbell County Sch. Dist. No. 1, 630 F.3d 977, 986-987 (10th Cir. 2010).

compliance with the requirements of subsection (f).  That subsection, covering "Employment Standards for Screening Personnel," requires that "*[n]otwithstanding any provision of law*," no one can serve as a "screener" unless (among other things) they "possess basic aptitudes and physical abilities, including color perception, visual and aural acuity, physical coordination, and motor skills."  See 44935(f)(1)(B) (emphasis added).

The phrase "notwithstanding any provision of law" manifests Congress's intent to place these TSA provisions into effect unhindered by pre-existing or subsequent legislation on the subject.  Courts generally interpret "'notwithstanding' language . . . to supersede all other laws," since "'[a] clearer statement is difficult to imagine.'"  Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18 (1993) (citations omitted).  The double "notwithstanding" phrases serve to exempt the TSA, in the interests of security and flexibility, from the strictures of the RA, in both the TSA's hiring *and* continuing-employment standards for security screeners.  Circuits that have considered the question reach this conclusion.  See, e.g., Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Joren v. Napolitano, 633 F.3d 1144, 1146 (7th Cir. 2011).

Third, the government argues that Ms. Baran must exhaust her administrative remedies before pursuing judicial relief on an RA claim.  Doc. 8 at 10-13; see Khader v. Aspin, 1 F.3d 968, 971 & n. 3 (10th Cir. 1993).  Given that no claim lies under the RA, the court need not consider this argument further.

Finally, the government asserts that Ms. Baran's complaint is "[i]n its essence . . .

solely a claim for injury sustained in the workplace." Doc. 8 at 13-15. It notes that tort claims by federal employees are generally barred by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680, since the Federal Employees' Compensation Act is the exclusive remedy. See Tippets v. United States, 308 F.3d 1091, 1094 (10th Cir. 2002). But Ms. Baran has asserted no tort claim against the TSA, nor has she even arguably sought leave to amend under that basis, so this argument need not be considered further.

NOW, THEREFORE, IT IS ORDERED that the United States's Motion to Dismiss, filed September 2, 2011 (Doc. 8), is granted.

DATED this 10th day of November, 2011, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:
Joseph David Camacho, Albuquerque, New Mexico, for Plaintiff.

Kenneth J. Gonzales, United States Attorney, and Phyllis A. Dow, Assistant United States Attorney, Albuquerque, New Mexico, for Defendant.